UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ARTHUR BURNHAM, | ) | |
| | ) | CIVIL ACTION |
| Plaintiff, | ) | |
| | ) | NO. 18-40050-TSH |
| v. | ) | |
| | ) | |
| WYETH LABORATORIES INC., | ) | |
| UNIVERSITY OF MASSACHUSETTS | ) | |
| MEDICAL CENTER; DR. NAWRAS | ) | |
| SHUKAIR, UNIVERSITY OF | ) | |
| MASSACHUETTS MEDICAL CENTER | ) | |
| PATIENT RECOVERY CENTER | ) | |
| SECURITY, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND MEMORANDUM ON DEFENDANTS DR. NAWRAS SHUKAIR AND UNIVERSITY OF MASSACHUSETTS MEMORIAL MEDICAL CENTER'S MOTION TO DISMISS (Docket No. 27)

**January 7, 2019**

**HILLMAN, D.J.**

Arthur Burnham ("Plaintiff") brings a variety of claims against several Defendants. Relevant for the purposes of this motion, he brings claims against Dr. Nawras Shukair and University of Massachusetts Memorial Medical Center ("UMMMC") for violations of his constitutional rights pursuant to 42 U.S.C. § 1983, violations of the Americans with Disabilities Act ("ADA"), and a state law claim for the failure to warn him of the side-effects of a prescribed medication.

## Background

The following facts are taken from Plaintiff's complaint (Docket No. 1) and the documents attached to the complaint and are assumed to be true at this stage of the litigation. *See Foley v. Wells Fargo Bank, N.A.*, 772 F.3d 63, 68 (1st Cir. 2014) ("To set the factual stage for this case, we rely on the allegation set forth in [the plaintiff's] complaint, the documents attached to the complaint, and relevant public records.").

On March 7, 2012, Plaintiff suffered a seizure while in custody of the Southbridge Police Department and became incontinent. Plaintiff claims that Southbridge Police disseminated a video of the incident, and public employees mocked Plaintiff. Subsequently, Plaintiff developed "major depressive disorder and suicide [sic] ideation with multiple self-mutilations." *Id.* ¶ 9.

On June 14, 2015, Plaintiff voluntarily presented himself to the UMMMC's Emergency Room. He reported having a "suicidal crisis" and contemplating "suicide by cop." *Id.* ¶ 15. Plaintiff notes that he was rated as "severe" on a crisis rating scale and therefore required hospitalization.

On June 16, 2015, Plaintiff alleges that Dr. Shukair prescribed him Effexor "without being warned or even explained [sic] what type of medication it was other then [sic] it was an aint-depressant [sic]." *Id.* ¶ 22. Later that day, Plaintiff experienced "shaking" chest muscles, elevated heart rate, confusion, and became "highly upset." *Id.* ¶ 25. Plaintiff subsequently requested to be discharged and pushed through several hospital employees to leave. Metro Crime Prevention (erroneously identified in Plaintiff's complaint as University of Massachusetts medical Center Patient Recovery Center Security), who had arrived due to Plaintiff's aggressive behavior, told Plaintiff they were "not going to fight" him and said, "if you want to leave just leave." *Id.* ¶¶ 29, 88.

After Plaintiff left the hospital, he experienced suicidal ideation because he "was so agitated at police over the video and mistreatment." *Id.* ¶ 30. He then went to the police station, doused a police car with gasoline, and lit the car on fire. He was subsequently arrested and sent to Bridgewater State Hospital for psychiatric treatment.

## **Standard**

A defendant may move to dismiss, based solely on the complaint, for the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a complaint must allege "a plausible entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559, 127 S.Ct. 1955 (2007). Although detailed factual allegations are not necessary to survive a motion to dismiss, the standard "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. "The relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw from the facts alleged in the complaint." *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 13 (1st Cir. 2011).

In evaluating a motion to dismiss, the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Langadinos v. American Airlines, Inc.*, 199 F.3d 68, 68 (1st Cir. 2000). It is a "context-specific task" to determine "whether a complaint states a plausible claim for relief," one that "requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S.Ct. 1937 (2009) (internal citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). On the other hand, a court may not disregard properly pled factual allegations, "even if it strikes a savvy judge that actual proof of those facts is improbable." *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955.

Because Plaintiff appears pro se, we construe his pleadings more favorably than we would those drafted by an attorney. *See Erickson v. Pardus,* 551 U.S. 89, 94, 127 S.Ct. 2197 (2007). Nevertheless, Plaintiff's pro-se status does not excuse him from complying with procedural and substantive law. *See Ahmed v. Rosenblatt,* 118 F.3d 886, 890 (1st Cir. 1997).

## **Discussion**

### *1. Constitutional Claims*

While Plaintiff alleges Due Process violations in his complaint, his allegations more closely conform with an Eighth Amendment claim. As such, I will assess whether Plaintiff has plausibly pled an Eighth Amendment claim. *See Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997) ("The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled."). Plaintiff contends that Dr. Shukair falsified his medical records. Some courts have recognized cognizable Section 1983 claims when a plaintiff alleges the falsification of medical records. *See e.g.*, *Green v. Branson*, 108 F.3d 1296, 1304 (10th Cir. 1997) ("[A] showing of deliberate refusal to provide medical attention, . . . coupled with falsification of medical records may give rise to an Eighth Amendment violation . . . cognizable under 42 U.S.C. § 1983.").

While the Court does not sanction the falsification of medical records, beyond conclusory allegations, Plaintiff simply has not proffered any credible evidence to create a triable fact as to whether Defendants falsified his records. In *Johnson v. Caputo*, the Third Circuit granted summary judgement when the plaintiff's "only argument relies on his unsupported belief that defendants intentionally falsified his records to justify the medical diagnoses and care that he received. Such conclusory allegations are insufficient to survive summary judgement." 737 Fed.Appx. 606, 613 (3d Cir. 2018). Here, the similar conclusory allegations are devoid of any

4

credible factual support and are therefore also insufficient to survive a motion to dismiss. *See Morales-Cruz v. University of Puerto Rico*, 676 F.3d 220, 224 (1st Cir. 2012) (noting that on a motion to dismiss "the court must separate the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited)").

### 2. ADA Claims

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. A plaintiff seeking relief "must establish: (1) that he is a qualified individual with a disability; (2) that he was excluded from participating in, or denied the benefits of a public entity's services, programs, or activities or was otherwise discriminated against; and (3) that such exclusion, denial of benefits, or discrimination was by reason of his disability." *Parker v. Universidad de Puerto Rico*, 225 F.3d 1, 5 (1st Cir. 2000).

Here, Plaintiff simply asserts that he has "[a] physical and mental impairment" but fails to plead how he was denied benefits or participation in services, programs, or activities. Consequently, Plaintiff fails to state a plausible entitlement to relief under the ADA.

### 3. State Law Claims

"In the context of medical professionals, [the Supreme Judicial Court] has held that a doctor's duty of reasonable care, owed to a patient, includes the duty to provide appropriate warnings about side effects when prescribing drugs." *Coombes v. Florio*, 450 Mass. 182, 188, 877 N.E.2d 567 (2007) (citation omitted). Consequently, "[p]hysicians . . . are required to inform their patients of those side effects they determine are necessary and relevant for patients to know in

making an informed decision." *Cottam v. CVS Pharmacy*, 436 Mass. 316, 321, 764 N.E.2d 814 (2002).

Plaintiff argues that Dr. Shukair failed to properly inform him of Effexor's potential side-effects. A review of Plaintiff's medical records attached to his complaint, however, belie these allegations. The records indicate that Dr. Shukair explained the risks and benefits of Plaintiff's treatment plan and that Plaintiff agreed to the plan. *See* Docket No. 1-1, at 4. Accordingly, Plaintiff has also failed to plausibly allege that Defendants violated any common law duties.

### Conclusion

For the reasons stated above, Defendants' motion to dismiss (Docket No. 27) is ***granted***.
**SO ORDERED.**

>                                     */s/ Timothy S. Hillman*
>                                     **TIMOTHY S. HILLMAN**
>                                     **DISTRICT JUDGE**